

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00691-CR

Josue Sanchez **CACERES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 3316CR
Honorable Roland Andrade, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Lori I. Valenzuela, Justice
               H. Todd McCray, Justice

Delivered and Filed: May 27, 2026

AFFIRMED AS MODIFIED

Appellant, Josue Sanchez Caceres, appeals his conviction for five counts of smuggling of persons with intent to flee from a peace officer or special investigator under Texas Penal Code section 20.05(a)(1)(B)[1]. Following a jury trial, Caceres was convicted and sentenced to eight years' imprisonment. In his first and second issues on appeal, Caceres argues section 20.05(a)(1)(B) is

---

[1] The judgment signed by the trial court recites that the jury found Caceres guilty of smuggling of persons: fleeing but incorrectly cites the statute for this offense as Texas Penal Code section 20.05(b)(1)(E) (subsection on punishment).

field and conflict preempted by federal law as applied to his prosecution. We affirm Caceres's conviction, but *sua sponte* reform the trial court's judgment to conform with the jury's verdict.

## BACKGROUND

On August 23, 2022, Department of Public Safety ("DPS") Trooper Corey Seymore was on assignment in Kinney County, Texas, for Operation Lone Star. While patrolling near Highway 90 and farm-to-market road 693, Trooper Seymore heard a DPS radio transmission issuing a be-on-the-lookout ("BOLO") for a white Toyota pickup truck traveling on FM 693 suspected of smuggling of persons. According to Trooper Seymore, based on his training and experience while working Operation Lone Star, FM 693 is generally used by locals, ranchers, hunters, or human smugglers. Trooper Seymore observed a vehicle matching the description on FM 693 and initiated a traffic stop after confirming the vehicle was speeding. The vehicle reduced its speed and turned on its hazard lights but continued driving for two minutes after Trooper Seymore activated his siren. When the vehicle came to a stop, five passengers immediately exited the vehicle and fled the scene; the driver, later identified as Josue Sanchez Caceres, and the front seat passenger remained in the vehicle. Border Patrol Agents arrived on scene and assisted Trooper Seymore in detaining Caceres. Despite their combined search efforts, the five passengers were never located. According to Trooper Seymore, the front seat passenger, identified as Jose Ponce Mencia, consented to a search of his phone. The phone contained numerous messages with coordinates, location drops, pictures of Border Patrol units, and maps with highlighted routes. After reviewing the digital evidence, Trooper Seymore concluded that Caceres was engaged in human smuggling and attempting to avoid the U.S. Border Patrol checkpoint.

Caceres was arrested and later indicted for five counts of smuggling of persons under Texas Penal Code section 20.05(a)(1)(B) and one count of evading arrest with a motor vehicle under

Texas Penal Code section 38.04(a). *See* TEX. PENAL CODE ANN. §§ 20.05(a)(1)(B), 38.04(a). The jury convicted Caceres on the five smuggling counts but acquitted him of evading arrest with a motor vehicle. After conviction, Caceres filed a motion for new trial. The motion was denied by operation of law and Caceres timely appealed.

## STANDARDS OF REVIEW

We review Caceres's constitutional challenges *de novo*. *See Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 846 (Tex. 2020) ("Preemption is a question of law reviewed *de novo*."); *State v. Flores*, 679 S.W.3d 232, 243 (Tex. App.—San Antonio 2023, pet. ref'd) (holding the same).

## AS-APPLIED PREEMPTION

Caceres argues that, as applied to his prosecution, section 20.05(a)(1)(B) is field preempted by federal law because there is a "clear and manifest purpose of Congress" to preclude the states from regulating in the field of transporting non-citizens. Caceres further argues the statute is conflict preempted as applied to his prosecution because section 20.05(a) "reduced the amount of proof required to secure a conviction under federal law, subjected [Caceres] to harsher punishment, and frustrated the aims of the federal regulatory scheme."

### A. Applicable Law

This court analyzed a similar as-applied field and conflict preemption challenge to section 20.05(a)(1)(A) in *Roberts v. State*, No. 04-24-00485-CR, 2026 WL 290378, at *5–9 (Tex. App.—San Antonio Feb. 4, 2026, pet. filed). As such, while we will address the facts specific to Caceres's case for his as-applied challenge to section 20.05(a)(1)(B), the legal principles discussed in *Roberts* guide our analysis here.

**B. Analysis**

Section 20.05(a)(1)(B) provides: "(a) A person commits an offense if the person knowingly: (1) uses a motor vehicle, aircraft, watercraft, or other means of conveyance to transport an individual with the intent to: (B) flee from a person the actor knows is a peace officer or special investigator attempting to lawfully arrest or detain the actor[.]" TEX. PEN. CODE ANN. § 20.05(a)(1)(B). In *Roberts* we explained that "unlike the instances where courts have found state statutes to be field preempted, section 20.05(a)(1)(A) does not require prosecutors to prove a noncitizen's illegal presence in the United States." *Id.* at *7. Similarly, section 20.05(a)(1)(B) does not require that the State prove a noncitizen's illegal presence in the United States; it requires that the State prove the defendant transported an individual with the intent to flee from law enforcement.

Here, Caceres's conviction did not turn on immigration status. In fact, the record is absent of any evidence that establishes the passengers' identity or legal status in the United States, and the evidence presented at trial focused on Caceres's intent to flee from Trooper Seymore. Therefore, because Caceres was prosecuted under a neutral statute, and his conduct was criminal regardless of the passengers' immigration status, we hold that Caceres's prosecution was not as-applied field preempted. *See id.* at *8; *Kansas v. Garcia*, 589 U.S. 191, 208–09 (2020); *State v. Flores*, 679 S.W.3d 232, 245 (Tex. App.—San Antonio 2023, pet. ref'd); *see also Gutierrez v. State*, 721 S.W.3d 639, 655 (Tex. App.—Corpus Christi–Edinburg 2025, pet. ref'd) (holding section 20.05(a)(1)(A) was not as-applied field preempted where the evidence showed Appellant "was not convicted merely because of the citizenship status of the back seat passengers, but because she intended to conceal those individuals from law enforcement").

As to Caceres's second point of error, as we stated in *Roberts*, "[w]ith an as-applied conflict preemption challenge, the application of the law must conflict with federal law's comprehensive immigration scheme or with the federal government's discretion over immigration-related prosecutions." 2026 WL 290378, at *9. As in *Roberts*, the evidence presented at Caceres's trial does not show that his prosecution interfered with federal law or federal discretion over immigration-related prosecutions. *Id.* Despite Caceres's argument that this prosecution frustrated the aims of the federal regulatory scheme, nothing in the record suggests that federal prosecutors wanted to pursue federal charges against Caceres. Because nothing in the trial record suggests any state conduct that conflicts with federal immigration objectives, we hold that Caceres's prosecution under section 20.05(a)(1)(B) was not as-applied conflict preempted. *See Kansas,* 589 U.S. at 211 ("[T]he mere fact that state laws like the Kansas provisions at issue overlap to some degree with federal criminal provisions does not even begin to make a case for conflict preemption.").

Caceres further argues that the logically inconsistent verdicts reached in this case "confirm that Mr. Caceres was impermissibly prosecuted for smuggling noncitizens." However, even if we assume the verdicts were inconsistent, the jury's non-guilty verdict for evading arrest with a motor vehicle could have resulted through mistake, compromise, or lenity, and, consequently, the non-guilty verdict does not "confirm" an impermissible prosecution. *See United States v. Powell*, 469 U.S. 57, 65 (1984) ("It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity arrived at an inconsistent conclusion on the lesser offense.").

In sum, we overrule Caceres's first and second issues.

**CLERICAL ERROR IN THE WRITTEN JUDGMENT**

The trial court's judgment identified the "Statute for Offense" as "Sec. 20.05(b)(1)(E) Penal Code." Caceres, however, was charged and convicted under Texas Penal Code section 20.05(a)(1)(B). We have the authority to modify incorrect judgments when the necessary information is available. *See* TEX. R. APP. P. 43.2(b); *Minor v. State*, No. 07-23-00397-CR, 2025 WL 211324, at *4 (Tex. App.—Amarillo Jan. 15, 2025, no pet.) (mem. op., not designated for publication). Accordingly, we modify the judgment of conviction to state that the "Statute for Offense" is "20.05(a)(1)(B) Penal Code."

**CONCLUSION**

Based on the foregoing reasons, we affirm the judgment of the trial court as modified.

H. Todd McCray, Justice

DO NOT PUBLISH